[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #105
 FACTS
On June 6, 2001, the plaintiffs, Tammy Kachorowsky and Michael Kachorowsky, filed a two-count complaint against the defendants, People's Bank[1] and The Yankee Candle Company, Inc. (Yankee Candle), alleging negligent infliction of emotional distress. The plaintiffs allege the following facts. Yankee Candle maintained a retail store in the Crystal Mall shopping center on Broad Street in Waterford, Connecticut, and employed Tammy Kachorowsky as manager. People's Bank maintained a branch at the intersection of Broad Street and Jefferson Avenue. Pursuant to her employment, Kachorowsky was required to make monetary deposits at the Broad Street branch of People's Bank at night. On August 2, 2000, at approximately 10:00 p.m., Kachorowsky was making a deposit and was robbed by an armed perpetrator.
On August 27, 2001, Yankee Candle filed a motion to strike count two of the complaint, on the ground that it fails to state a claim upon which relief may be granted, and attached a memorandum of support. On October 12, 2001, the Kachorowskys filed an objection to the motion to strike with a memorandum of support. On May 29, 2002 and June 5, 2002, Yankee Candle and the Kachorowskys, respectively, filed supplemental post-argument memoranda in light of the recent Connecticut Supreme Court decision in Perodeau v. Hartford, 259 Conn. 729, 792 A.2d 752 (2002).
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . If facts provable in CT Page 12828 the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "[A]ll well-pleaded facts and those necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Gazo v.Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "Moreover, . . . [w]hat is necessarily implied in an allegation need not be expressly alleged." (Internal quotation marks omitted.) Id. In ruling on a motion to strike, "we construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Id.
Yankee Candle moves to strike count two on the ground that employment termination is required to sustain a claim of negligent infliction of emotional distress against an employer pursuant to the recent decision of our Supreme Court in Perodeau v. Hartford, 259 Conn. 729, 792 A.2d 752
(2002).[2] In opposition, the Kachorowskys argue that the holding in Perodeau does not apply because the present action is brought by a private individual against a private corporation, rather than a municipal employee against a municipal employer and is thus distinguishable fromPerodeau. The Kachorowskys argue further that in such a factual situation, the policy considerations set forth in Perodeau, are inapplicable.
Our Supreme Court in Perodeau v. Hartford, supra, 259 Conn. 729, held that "an individual municipal employee may not be found liable for negligent infliction of emotional distress arising out of conduct occurring within a continuing employment context, as distinguished from conduct occurring in the termination of employment." Id., 762-63. While the decision in Perodeau included the fact that the plaintiff was a municipal employee, the court's analysis was not limited to this context. Rather, the court's analysis encompassed policy considerations[3] in the context of employees and the workplace in general, and distinguished between negligent infliction of emotional distress in ongoing employment as opposed to employment in a termination process. Perodeau v. Hartford, supra,259 Conn. 758-62. This court agrees with the conclusion reached by the court in Dawkins v. Metallurgical Processing,Inc., Superior Court, judicial district of New Britain, Docket No. CV 01 0509657 (September 18, 2002, Wiese, J.), which held that while "the specific claim for negligent infliction of emotional distress at issue inPerodeau v. Hanford, supra, 259 conn. 729, was against individual municipal employees, . . . that opinion [is] neither limited to situations involving only individual employees nor limited to situations involving only municipal defendants."[4]
CT Page 12829
In Perodeau, the court determined in the first of four public policy considerations that "individuals in the workplace reasonably should expect to experience some level of emotional distress, even significant emotional distress, as a result of conduct in the workplace." Id., 757. "[N]othing in the court's conclusion that individuals are expected to experience some level of emotional distress in the workplace is dependent on that workplace being in a municipal setting, nor is it dependent on whether an employee, employer, or both may ultimately be responsible for such emotionally distressing conduct." Dawkins v. MetallurgicalProcessing, Inc., supra, Superior Court, Docket No. CV 01 0509657. Moreover, the court concluded that despite the expectation that individuals in the workplace should not be subject to conduct outside the bounds of socially tolerable behavior, "when the employment relationship is ongoing, the public policies . . . outweigh the interests of persons subject to such behavior in the workplace in being compensated for their emotional injuries." (Citation omitted.) Perodeau v. Hartford, supra,259 Conn. 758.
The court next determined that allowing employees to bring lawsuits for negligent infliction of emotional distress would result in a "pervasive chilling effect" on competition and productivity in the workplace because "employees who fear lawsuits by fellow employees may be less competitive with each other, may promote the interests of their employers less vigorously, may refrain from reporting the improper or even illegal conduct of fellow employees, may be less frank in performance evaluations, and may make employment decisions such as demotions, promotions and transfers on the basis of fear of suit rather than business needs and desires." Id., 758. Such a chilling effect, however, may also result if employees could threaten their employers with such lawsuits. Moreover, "[e]ncouraging competition and productivity is no less of an important public policy in the private sector as it is in the public or municipal workplace." Dawkins v. Metallurgical Processing, Inc., supra, Superior Court, Docket No. CV 01 0509657.
The third public policy consideration evaluated by the court was the potential for increased litigation. The court determined that "in light of the inherently competitive and stressful nature of the workplace and the difficulties surrounding proof of emotional distress, extending the tort of negligent infliction of emotional distress to ongoing employment relationships would open the door to spurious claims." Perodeau v.Hartford, supra, 259 Conn. 758. As with the policy reasons thus far discussed, "this public policy reason . . . applies . . . to claims against employers and . . . is not unique to the municipal setting."Dawkins v. Metallurgical Processing, Inc., supra, Superior Court, Docket CT Page 12830 No. CV 01 0509657.
"Finally . . . in the Supreme Court's discussion of the fourth factor, namely, the case law of other jurisdictions, the numerous cases cited by the court were not limited to those involving claims for negligent infliction of emotional distress brought against individual employees in public workplaces, but rather included countless decisions involving claims against employers in the private sector." Dawkins v. MetallurgicalProcessing, Inc., supra, Superior Court, Docket No. CV 01 0509657. Moreover, Superior Court cases decided since Perodeau, have determined that a claim for negligent infliction of emotional distress in the context of an ongoing employment relationship in the private sector is not a cognizable cause of action in Connecticut. See, e.g., Dawkins v.Metallurgical Processing, Inc., supra, Superior Court, Docket No. CV 01 0509657; see also Boccuzzi v. Stamford Health System, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 01 183441 (May 2, 2002, Lewis, J.); Leone v. New England Communications, Superior Court, judicial district of New Britain, Docket No. CV 01 0509752 (April 10, 2002, Quinn, J.) (32 Conn.L.Rptr. 72); Martinez-Ruizv. Centimark Corp., Superior Court, judicial district of New Britain, Docket No. CV 01 0510719 (April 9, 2002, Quinn, J.) (31 Conn.L.Rptr. 725, 727).
The second count alleges that Kachorowsky incurred severe emotional distress as a result of the negligent and careless conduct of her employer, Yankee Candle, during her employment. The holding in Perodeauv. Hartford, supra, 259 Conn. 729, however, precludes such a claim. Because the decision on this issue is dispositive of the motion to strike, the court does not reach the argument as to whether the Kachorowskys sufficiently pleaded extreme and outrageous conduct.
For the foregoing reasons, Yankee Candle's motion to strike the second count of the complaint is granted.
D. Michael Hurley, JTR